1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                    * * * * *

9    DAVID BARRAGAN, et al.,                )
                                            )
10                      Plaintiffs,         )         03:06-CV-00310-LRH (VPC)
                                            )
11   vs.                                    )
                                            )
12   ROBIN LANDRY, Individually, and as an  )              ORDER
     employee of the Division of Child Protective )
13   Services of the State of Nevada, an agency of )
     the STATE OF NEVADA, County of WHITE )
14   PINE; THE STATE OF NEVADA; and         )
     DOES I-X, inclusive,                   )
15                                          )
                        Defendants.         )
16   _____ )

17          Presently before this court is Plaintiffs', David Barragan, et al., motion to remand (#7[1]).

18   Defendant, Robin Landry, has filed an opposition (#9), to which Plaintiffs have replied (#14).

19   Also before the court is Defendant Landry's motion for judgment on the pleadings (#5).

20   Plaintiffs have filed an opposition (#8), to which Defendant Landry has replied (#11).  The State

21   of Nevada has joined Defendant Landry's motion (#12).

22          This matter arises out of the removal of several children from Abundant Life Academy, a

23   boarding school they were attending in Nevada.  Robin Landry, an employee of Nevada's

24   Division of Child Protective Services, received some form of complaint about the care of the

25   children at this school.  After inspecting the premises, the decision was made to remove the

26   children from the school.  The children removed were housed overnight at either a juvenile

27   detention center or at the county jail.

28
     _____

            [1]  References to (#XX) refer to the court's docket.

1    After removal, a hearing was held to determine whether the children should remain in
2  protective custody.  The presiding court at that hearing found that Ms. Landry had no reasonable
3  belief that immediate removal of the children was necessary for their protection.  Sometime
4  thereafter, the current lawsuit was filed in state court.  Defendant Landry then removed the case
5  to this court based on federal question jurisdiction.  Plaintiffs have moved to remand the case,
6  while Defendant Landry has moved for a judgment on the pleadings.

7    *1.    Motion to Remand*

8    Defendant Landry seeks to remand this case on two grounds: (1) that removal to federal
9  court cannot stand when the Eleventh Amendment would bar the lawsuit upon removal and; (2)
10  that state law issues predominate in this matter.

11    Regarding any potential bar based on the Eleventh Amendment, Defendant Landry
12  correctly points out that the law in the Ninth Circuit provides that removal of a matter to federal
13  court waives a state's Eleventh Amendment immunities.  *Embury v. King*, 361 F.3d 562, 566
14  (9th Cir. 2004).

15    Further, the court is not persuaded that state law issues so predominate this matter that
16  remand is appropriate.  Defendant Landry removed this matter based on federal question
17  jurisdiction.  Plaintiffs are proceeding, in part, under a theory that their civil rights were violated
18  in a manner compensable pursuant to 42 U.S.C. § 1983.  As such, the court has jurisdiction over
19  this matter pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims
20  pursuant to 28 U.S.C. § 1367.  While the state law claims are a large part of this matter, the
21  inclusion of a 1983 claim convinces the court that the federal courts are an appropriate forum to
22  hear these claims.  As such, the court will not exercise its discretion to remand based on the
23  predomination of state law claims.

24    *2.    Motion for Judgment on the Pleadings*

25    Defendant Landry, joined by the State of Nevada, has moved for a judgment on the
26  pleadings pursuant to Federal Rule of Civil Procedure 12(c).  A Rule 12(c) motion is the
27  functional equivalent of a 12(b)(6) motion, just brought after an answer has been filed, and is
28  therefore decided according to the same principles as a 12(b)(6) motion to dismiss.  *Dworkin v.*

2

1  *Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

2  In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken

3  as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship*

4  *v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a

5  court does not necessarily assume the truth of legal conclusions merely because they are cast in

6  the form of factual allegations in plaintiff's complaint.  *Clegg v. Cult Awareness Network*, 18

7  F.3d 752, 754-55 (9th Cir. 1994).

8  There is a strong presumption against dismissing an action for failure to state a claim.

9  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  "The issue is

10 not whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence

11 in support of the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

12 *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Consequently, the court should not

13 grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the

14 plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

15 *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.

16 1995).

17     a.     *Section 1983 Claim - Qualified Immunity*

18 State officials are provided with a qualified immunity against section 1983 claims

19 "insofar as their conduct does not violate clearly established statutory or constitutional rights of

20 which a reasonable person would have known."  *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th

21 Cir. 2005); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This immunity is granted broadly

22 and "provides ample protection to all but the plainly incompetent or those who knowingly violate

23 the law."  *Moran v. Washington*, 147 F.3d 839, 844 (9th Cir. 1998) (quoting *Malley v. Briggs*,

24 475 U.S. 335, 341 (1986)).

25 In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court established a two-step

26 evaluation of qualified immunity, which has also been adopted by the Ninth Circuit.  *See, e.g.*,

27 *Johnson v. County of Los Angeles*, 340 F.3d 787, 791 (9th Cir. 2003); *Jackson v. City of*

28 *Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001).  The first step taken by the court is to make a

3

1  constitutional inquiry by determining the following issue: "based upon the facts taken in the light

2  most favorable to the party asserting the inquiry, did the offic[ial]'s conduct violate a

3  constitutional right?" *Johnson*, 340 F.3d at 791 (citing *Jackson v. City of Bremerton*, 268 F.3d

4  646, 651 (9th Cir. 2001)); *Saucier*, 533 U.S. at 201.  If the court finds that the official's conduct

5  violated a constitutional right, the second step of the *Saucier* analysis is that the court determine

6  whether the official is entitled to qualified immunity.  *Johnson*, 340 F.3d at 791-92.   As part of

7  its qualified immunity analysis, the court should consider whether the law governing the conduct

8  was clearly established when the conduct occurred.  *Robinson v. Solano County*, 278 F.3d 1007,

9  1012 (9th Cir. 2001) (en banc).  If the right violated was clearly established, the court should also

10  decide "whether the offic[ial] could nevertheless have reasonably but mistakenly believed that

11  his or her conduct did not violate a clearly established constitutional right."  *Id*. at 201-02;

12  *Saucier*, 533 U.S. at 201-05.

13       The first step in the two-step process is intended to "set forth principles which will

14  become the basis for a holding that a right is clearly established."  *Saucier*, 533 U.S. at 201.  If a

15  court were to skip this initial step, "[t]he law might be deprived of this explanation," *id*., thereby

16  inhibiting the development of the law.  *See Robinson*, 278 F.3d at 1012.  It is therefore necessary

17  to first consider the constitutional inquiry.  Only if the court determines that Plaintiff's

18  constitutional rights were violated will the court address the immunity issue.  *Johnson*, 340 F.3d

19  at 794-95; *Saucier*, 533 U.S. at 201, 121 S.Ct. 2151.

20       Defendant Landry contends that she is entitled to qualified immunity on the 1983 claim

21  brought against her.  Regarding the first inquiry of the *Saucier* analysis, Defendant Landry

22  contends there is no constitutional right not to be removed from a boarding school.  Plaintiffs

23  respond by arguing that their removal violated their right to be free from unreasonable seizure

24  under the Fourth Amendment and their right to make personal choices in matters of family life

25  under the Due Process Clause of the Fourteenth Amendment.

26       Taking the allegations in the complaint in the light most favorable to Plaintiffs, the court

27  sees the allegations as follows: Plaintiffs, or their children, were all residing legally in a boarding

28  school in Nevada when they were improperly removed by Defendant Landry, based on

4

1   allegations that were neither supported by evidence nor confirmed by Defendant Landry, and

2   placed in juvenile detention centers or county jail.  While facts may ultimately come to light

3   which would demonstrate that Defendant Landry was acting in accordance with the law, as

4   suggested by her response, in a motion for judgment on the pleadings only allegations contained

5   in the complaint and taken in the light most favorable to the non-moving party are properly

6   before the court.  Under the facts as stated in the complaint the court notes that a violation of the

7   Fourth Amendment's prohibition on unreasonable seizures could be found.

8       In *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2002), the standards for permitting removal

9   of a child from the custody of its parent without prior judicial authorization were defined for this

10  circuit.  *Wallis* held that such a removal is only proper if the information possessed at the time of

11  seizure "is such as provides reasonable cause to believe that the child is in imminent danger of

12  serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that

13  specific injury."  202 F.3d at 1138.  The allegations contained in the complaint require the court

14  to proceed at this time under the assumption that there was no reasonable cause to believe any

15  children were in imminent danger of serious bodily injury.  Further, the complaint alleges that the

16  boarding school at which the children were living had full custodial control over those children.

17  Thus, at this stage, the court cannot say that the violations did not occur based on the fact that the

18  children were removed from their school as opposed to being removed from their actual parents.

19  Given the binding nature of these allegations on a motion for judgment on the pleadings, the

20  court finds sufficient allegations in the pleadings to support a claim that the Fourth Amendment

21  was violated when the children were removed.

22      The next inquiry under *Saucier* is whether the law violated was clearly established at the

23  time of the alleged violation.  The court notes that *Wallis* was decided in 2002 and became

24  binding law in this circuit at that time.  As the actions of Defendant Landry occurred in 2006, and

25  no cases in this circuit had repudiated the basic premise of *Wallis*, there is no legitimate argument

26  that the law was not clearly established in this circuit at that time.  Further, given that the law was

27  well settled and that the court must assume for the purposes of this motion that Defendant Landry

28  failed to properly investigate and corroborate the allegations of abuse, the court finds that no

5

1   reasonable official would have thought the removal of the children under the circumstances

2   alleged would be reasonable.

3          At this stage of the proceedings, where all allegations in the complaint are taken as true

4   and all inferences are drawn in the light most favorable to the non-moving party, the court finds

5   that qualified immunity does not bar the prosecution of Plaintiffs' section 1983 claims.

6          *b.      State Law Claims - Discretionary Immunity*

7          In addition to the 1983 claim discussed above, Plaintiffs also bring state law claims

8   alleging negligence, abuse of process and/or malicious prosecution, false imprisonment,

9   intentional infliction of emotional distress, and kidnaping.

10         Defendant Landry argues she is entitled to immunity on these claims pursuant to Nevada

11  Revised Statute section 41.032.  Specifically, Defendant Landry argues her actions were

12  discretionary acts that cannot form the basis for a lawsuit in Nevada.

13             Section 41.032(2) of the Nevada Revised Statutes provides as follows:
               no action may be brought under NRS 41.031 or against an immune contractor or
14             an officer or employee of the State or any of its agencies or political subdivisions
               which is: [b]ased upon the exercise or performance or the failure to exercise or
15             perform a discretionary function or duty on the part of the State or any of its
               agencies or political subdivisions or of any officer, employee or immune
16             contractor or any of these, whether or not the discretion involved is abused.

17  Nev. Rev. Stat. § 41.032.  "Discretionary acts are those which require the exercise of personal

18  deliberation, decision and judgment."  *Travelers Hotel, Ltd. v. City of Reno*, 741 P.2d 1353, 1354

19  (Nev. 1987) (citing *Parker v. Mineral County*, 729 P.2d 491, 493 (Nev. 1986)).  An action can be

20  brought, however, if the acts in question are merely "'ministerial,' amounting only to obedience

21  to orders, or the performance of a duty in which the officer is left no choice of his own."  *Maturi*

22  *v. Las Vegas Metro. Police Dep't*, 871 P.2d 932, 934 (Nev. 1994).

23         The Nevada Supreme Court has definitively held that social workers are immune from

24  suit under this statute for their actions in investigating allegations of child abuse and in the

25  procedure they employ when removing children.  *Foster v. Washoe County*, 964 P.2d 788, 792-

26  93 (Nev. 1998).  To quote from *Foster*: "It is necessary to protect social workers in their vital

27  work from the harassment of civil suits . . . .  Therefore, social workers must be absolutely

28  immune from suits alleging the improper investigation of child abuse [and] removal of a minor

1   from the parental home based upon suspicion of abuse . . . ." *Id.* at 792.  Accordingly, Defendant

2   Landry is entitled to immunity under Nevada law for those state law torts alleged.

3          Plaintiffs have argued that intentional torts should be excluded from the grant of

4   immunity.  However, Plaintiffs have cited to no binding authority which would support their

5   argument.  Rather, Plaintiffs have cited to *Nev. Dep't of Hum. Res. v. Jimenez*, 935 P.2d 274

6   (Nev. 1997), *withdrawn by* 941 P.2d 969, for the proposition that Nevada has waived its

7   sovereign immunity with regard to intentional torts.  Even if the court were to consider a

8   withdrawn opinion as binding on this issue, *Jimenez* does not support the proposition that

9   Plaintiffs' assign it.  The right to sue the State for the intentional acts of its employees was

10  discussed and decided under Nevada Revised Statute 41.0034, which invokes immunity against

11  injuries suffered on government property.  *See id.* at 278.  While the court in *Jimenez* spoke in

12  broad terms, the facts of the matter showed that all tortious conduct occurred within a state run

13  facility.  *Id.* at 276-77.  As such, even if *Jimenez* were binding law, the court would not construe

14  it to overrule the retention of immunity under Nevada Revised Statute 41.0032(2), which

15  reserves immunity for discretionary acts even when that discretion is abused, when the tortious

16  conduct was committed by a state employee but not upon government property.

17         Accordingly, Plaintiffs can allege no set of facts that would support state law liability

18  against Defendant Landry because Defendant Landry is entitled to immunity for her discretionary

19  acts pursuant to Nevada Revised Statute 41.0032.

20         It is therefore ORDERED that Plaintiffs' motion to remand (#7) is DENIED;

21         It is further ORDERED that Defendant Landry's motion for judgment on the pleadings

22  (#5) is GRANTED in part and DENIED in part as discussed above.

23         DATED this 8th day of December, 2006.

24

25

26         _____

27         LARRY R. HICKS
            UNITED STATES DISTRICT JUDGE

28

7