CATHERINE CORTEZ MASTO
Attorney General
ANDREA NICHOLS
Deputy Attorney General
Nevada Bar No. 6436
5420 Kietzke Lane, Suite 202
Reno, NV 89511
Telephone: (775) 688 - 1818

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID BARRAGAN, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBIN LANDRY, Individually, and as an employee of the Division of Child Protective Services of the State of Nevada and agency of the STATE OF NEVADA existing under the laws of the STATE OF NEVADA, County of WHITE PINE; THE STATE OF NEVADA; and DOES I-X, inclusive,<br><br>Defendants. | 3:06-CV-00310- LRH (VPC)<br><br>**DEFENDANTS'**<br>**MOTION FOR SUMMARY JUDGMENT AS TO SCOTT MESCHER, KAREN MESCHER, ADAM MESCHER, SCOTT SVOBODA, TRACY SVOBODA AND DAVID SVOBODA** |

Defendants, Robin Landry, and the State of Nevada *ex rel.* its Division of Child and Family Services, by and through their attorneys, Catherine Cortez Masto, Attorney General of the State of Nevada, and Andrea Nichols, Deputy Attorney General, move this Court for its Order dismissing Scott Mescher, Karen Mescher, Adam Mescher, Scott Svoboda, Tracy Svoboda and David Svoboda from this lawsuit.

This motion is made pursuant to Rule 56(b) of the Federal Rules of Civil Procedure and based upon the following Memorandum of Points and Authorities together with all other pleadings, papers and exhibits on file in this case.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. NATURE OF THE MOTION

Defendants, Robin Landry ("Ms. Landry") and the State of Nevada *ex rel.* its Division of Child and Family Services ("DCFS") request that this Court enter an order dismissing the Meschers and the Svobodas from this lawsuit. Plaintiffs' claim is based upon the allegedly wrongful removal of children from the Abundant Life Academy ("ALA"). The Meschers and the Svobodas can prove no set of facts which would entitle them to relief because Ms. Landry and DCFS did not remove Adam Mescher and David Svoboda from ALA.

## II. STATEMENT OF UNCONTESTED FACTS PURSUANT TO LOCAL RULE 56-1

Ms. Landry and DCFS removed this action to federal Court on June 1, 2006 (Doc. #1). Plaintiffs' Complaint was filed the same day (Doc. #2 pp. 7-13). In their Complaint, Plaintiffs allege their children were residing in the Abundant Life Academy ("ALA") a boarding school in White Pine County, Nevada. First Amended Complaint p. 2, ¶¶ 5-6.[1] Plaintiffs further assert that on or about May 2, 2005, DCFS alleged the children were abused and neglected and removed all of them, except David Svoboda, from ALA. *Id.* at p. 3, ¶ 11.[2] Plaintiffs claim that DCFS had no reasonable cause to believe that immediate action was necessary to protect the children from injury, abuse or neglect. *Id.* at p. 4, ¶ 16.[3]

On December 12, 2006, this Court entered its Order (Doc. #24) dismissing Plaintiffs' claims based upon State law, leaving Plaintiffs' claim based upon 42 U.S.C. §1983 as the only remaining cause of action. Plaintiffs' claim pursuant to 42 U.S.C. §1983 arises out of the allegedly wrongful removal of the children from ALA. Plaintiffs' Opposition to Motion for Judgment on the Pleadings (Doc. #8) p. 9, ll. 13-28. However, it is uncontroverted that Ms. Landry and DCFS did not remove Adam Mescher or Scott Svoboda from ALA.

///
///
///

---
[1] Doc. #2, p. 8.
[2] Doc. #2, p. 9.
[3] Doc. #2, p. 10.

On or about April 23, 2005, ALA removed the male children from its facility. Doc. #2, p. 9, ¶ 9.[4] David Svoboda was frightened, disoriented, and unable to use the telephone. *Id.* After causing a fire alarm to sound, he was arrested by local authorities. *Id.* In response to Defendants' First Request for Admissions to Plaintiffs Scott and Tracy Svoboda, the Svobodas acknowledged that DCFS did not remove David Svoboda from ALA and never took physical custody of him. Exhibit "1," response Nos. 1 and 2; See also Doc. #2, p. 9, ¶11.[5]

Plaintiffs Scott and Karen Mescher were present at ALA when DCFS removed the children. Their son, Adam Mescher, was never taken into custody by DCFS, but rather he was allowed to leave with his parents. Exhibit "2," Deposition of Karen Mescher, p. 34 ll. 1-3 and p. 35, ll. 2-8; See also Exhibit "3", Deposition of Scott Mescher, p. 67, ll. 10-12 and p. 76, ll. 17-19.

## III.  ARGUMENT

Rule 56 of the Federal Rules of Civil Procedure allows for a judgment in the moving parties favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."

In this case, Plaintiffs' claims are based on the allegedly wrongful removal of their children from ALA. The Defendants, Ms. Landry and DCFS, did not remove David Svoboda nor did they remove Adam Mescher from ALA. Accordingly, neither these children nor their parents, Scott Mescher, Karen Mescher, Scott Svoboda and Tracy Svoboda, can demonstrate that they are entitled to a judgment against Defendants based upon the allegedly wrongful removal of their children. There is no genuine issue of material fact to support their claim and Defendants, Ms. Landry and DCFS, are entitled to judgment as a matter of law.

///

///

///

---

[4] Page 3 of First Amended Complaint.
[5] Page 3 of First Amended Complaint.

**IV.   CONCLUSION**

In light of the foregoing, Defendants, Ms. Landry and DCFS, respectfully request that this Court enter its Order granting summary judgment in Defendants favor and dismissing Plaintiffs Scott Mescher, Karen Mescher, Adam Mescher, Scott Svoboda, Tracy Svoboda, and, David Svoboda from this lawsuit.

DATED this 25th day of July, 2007.

CATHERINE CORTEZ MASTO
Attorney General

By /s/ Andrea Nichols
ANDREA NICHOLS
Deputy Attorney General

*Attorneys for Defendants.*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 25th day of July 2007, I served a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO SCOTT MESCHER, KAREN MESCHER, ADAM MESCHER, SCOTT SVOBODA, TRACY SVOBODA AND DAVID SVOBODA by electronic filing to the following:

JEFFREY J. KUMP, ESQ.
MARVEL & KUMP, LTD.
217 IDAHO STREET
ELKO, NV  89801

JOHN OHLSON, ESQ.
ANN HALL, ESQ.
OSBORNE, OHLSON & HALL, CHARTERED
555 SOUTH CENTER STREET
RENO, NV  89501

_____
Judy Mitton

**EXHBIT 1**

CODE:
OSBORNE, OHLSON & HALL, CHARTERED
Ann O. Hall, Esquire
State Bar #5447
John Ohlson, Esquire
State Bar #1672
555 South Center Street
Reno, Nevada 89501
(775) 323-8678
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*****

DAVID BARRAGAN; et al.,

    Plaintiffs,

- vs -

ROBIN LANDRY; et al.,

    Defendants.
_____/

Case No.: **3:06-CV-00310-VPC**

## RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF SCOTT AND TRACY SVOBODA

**REQUEST FOR ADMISSION NO. 1:** Admit that the State of Nevada, Division of Child and Family Services did not remove David Svoboda from the Abundant Life Academy.

**RESPONSE. 1:** Admit

**REQUEST FOR ADMISSION NO. 2:** Admit that the State of Nevada, Division of Child Family Services never took physical custody of David Svoboda.

**RESPONSE. 2:** Admit

**REQUEST FOR ADMISSION NO. 3:** Admit that you did not produce any documents, which support the allegations of your First Amended Complaint filed in White Pine County as CV-0604058 and in United States District Court District of Nevada as Case No. 3:06-Cv-00310-LRH-VPC.

**RESPONSE. 3:** Deny

**REQUEST FOR ADMISSION NO. 4:** Admit that you do not have any documents, which support the allegations of your First Amended Complain file in White Pine County as CV-0604058 and in

1  United States District Court District of Nevada as Case No. 3:06-CV-00310-LRH-VPC.

2  **RESPONSE. 4:** Deny

3  **REQUEST FOR ADMISSION NO. 5:** Admit that you did not provide any witness affidavits, reports, tapes, videos or the like, in response to Plaintiff's Request for Production of Documents, which support the allegations of your First Amended Complaint filed in White Pine County as CV-0604058 and in United States District Court District of Nevada as Case No. 3:06-CV-00310-LRH-VPC

**RESPONSE. 5:** Deny

**REQUEST FOR ADMISSION NO. 6:** Admit that you do not have any witness affidavits, reports, tapes, videos or the like, which support the allegations of your First Amended Complaint filed in White Pine County as CV-0604058 and in United States District Court District of Nevada Case No. 3:06-CV-00310-LRH-VPC

**RESPONSE. 6:** Deny

**REQUEST FOR ADMISSION NO. 7:** Admit that David Svoboda will be eighteen (18) years old on January 8, 2008.

**RESPONSE. 7:** Deny

**REQUEST FOR ADMISSION NO. 8:** Admit that David Svoboda did not suffer any physical injuries as a result of the actions of the Defendants.

**RESPONSE. 8:** Deny

**REQUEST FOR ADMISSION NO. 9:** Admit that David Svoboda did not suffer any emotional injuries as a result of the actions of the Defendants.

**RESPONSE. 9:** Deny

**REQUEST FOR ADMISSION NO. 10:** Admit that you did not suffer any physical injuries as a result of the actions of the Defendants.

**RESPONSE. 10:** Admit

**REQUEST FOR ADMISSION NO. 11:** Admit that you did not suffer any emotional injuries as a result of the actions of the Defendants.

**RESPONSE. 11:** Deny

OSBORNE, OHLSON & HALL, CHARTERED
555 South Center Street
Reno, Nevada 89501
Telephone: (775) 323-8678
Facsimile: (775) 786-6631

1  **REQUEST FOR ADMISSION NO. 12:** Admit that you did not suffer any physical injuries as a
2  result of the actions of the Defendants.

3  **RESPONSE. 12:** Redundant, see Answer to Request No. 10.  Admit.

4  **REQUEST FOR ADMISSION NO. 13:** Admit that you do not have any documents to support a
5  claim for damages from physical and/or emotional injuries suffered as a result of the actions of the
6  Defendants.

7  **RESPONSE. 13:** Deny

8  **REQUEST FOR ADMISSION NO. 14:** Admit that David Svoboda attended Abundant Life
9  Academy for less than two (2) months.

10  **RESPONSE. 14:** Admit

11  DATED this 29 day of June, 2007.

OSBORNE, OHLSON & HALL, CHARTERED
555 South Center Street
Reno, Nevada 89501

BY: _____
        JOHN OHLSON

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I hereby certify that I am an employee of OSBORNE OHLSON & HALL, CHARTERED, and that on this date I sent a true copy of the **RESPONSE TO DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF SCOTT AND TRACY SVOBODA** addressed to:

Andrea Nichols
Deputy Attorney General
5420 Kietzke Lane, Suite 202
Reno, NV 89511

____ for mailing by first class mail, postage prepaid

____ by personal delivery

____ by telephonic facsimile

____ by Federal Express or other overnight delivery

__X__ by placing a true copy thereof for collection and delivery by Reno/Carson Messenger Service on this date.

Dated this 26 day of June, 2007.

_____
Janelle Dixen

**EXHBIT 2**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| DAVID BARRAGAN, et al., ) | CASE NO.: 3:06-CV-00310-VPC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ROBIN LANDRY, individually, ) | |
| and as an employee of the ) | |
| Division of Child Protective ) | |
| Services of the State of ) | |
| Nevada and agency of the ) | |
| STATE OF NEVADA existing ) | |
| under the laws of the STATE ) | |
| OF NEVADA, County of WHITE ) | |
| PINE; THE STATE OF NEVADA; ) | |
| and DOES I-X, inclusive, ) | ORIGINAL |
| ) | |
| Defendant. ) | |
| _____) | |

DEPOSITION OF
KAREN MESCHER
May 10, 2007
Reno, Nevada


REPORTED BY:  LESLEY E. KAY, CCR #791, CA CSR #6847

1    Q    Your son, Adam, was never in the custody of the
2    Division of Child and Family Services, was he?
3    A    No.
4    Q    What do you think the Division of Child and Family
5    Services did that was wrong?
6    A    They took away my ability to parent my child the way I
7    thought was best.  They made me feel like a bad parent, like I
8    put my kid into a program that I hadn't researched and hadn't
9    done that.  It was my choice for him to be in that program and
10   they took that choice away from me as a parent.
11   Q    But then were you free to put him in any other
12   program?
13        MR. OHLSON:  You mean like now?
14   Q    BY MS. NICHOLS:  After you took him out of the ALA
15   facility at Hidden Canyon Ranch, did the Division of Child and
16   Family Services interfere with your right to put him into any
17   other program?
18   A    No.
19   Q    So they just interfered with your right to put him in
20   ALA at Hidden Canyon Ranch?
21   A    Yes.
22   Q    How do you think they violated your rights?
23   A    Just what I just said.  They took away my parental
24   rights in parenting my child.  They took him out of the school.
25   I didn't want him out of that school.  I did not want him out

1  of that program.
2      Q    But they didn't take him, you took him.
3      A    No.  Division of -- CPS shut down the program.
4      Q    Okay, but they didn't take Adam.
5      A    They didn't take Adam.
6           MR. OHLSON:  Is that a question?
7      Q    BY MS. NICHOLS:  CPS did not take Adam, did they?
8      A    No.
9      Q    Do you know whether or not Abundant Life Academy had a
10 business license?
11     A    No.
12     Q    Do you know whether or not Abundant Life Academy had a
13 child care license?
14     A    No.
15     Q    Do you know whether or not Abundant Life Academy was
16 licensed through the Department of Education?
17     A    No.
18     Q    Do you know whether or not Hidden Canyon Ranch had an
19 adequate septic system for the number of people that were
20 there?
21     A    I knew the septic situation.
22     Q    What was the septic situation?
23     A    It was not set up for as many kids as was there.
24     Q    If you knew that ALA didn't have any licenses required
25 by the State would that change your opinion of ALA?

```
 1   STATE OF NEVADA      )
                          )  ss.
 2   WASHOE COUNTY        )

 3            I, LESLEY E. KAY, a notary public in and for Reno,
 4   State of Nevada, do hereby certify;
 5            That on Thursday, May 10, 2007, at the hour of
 6   11:00 a.m. of said day, at 5420 Kietzke Lane, Suite 202, Reno,
 7   Nevada, personally appeared KAREN MESCHER, who was duly sworn
 8   by me to testify the truth, the whole truth and nothing but the
 9   truth, and thereupon was deposed in the matter entitled herein;
10            That said deposition was taken in verbatim
11   stenotype notes by me, a Certified Court Reporter, and
12   thereafter transcribed into typewriting as herein appears;
13            That the foregoing transcript, consisting of pages
14   1 through 42, is a full, true and correct transcription of my
15   stenotype notes of said deposition.
16            DATED: At Reno, Nevada, this 31st day of May,
17   2007.
```

_____

LESLEY E. KAY

CCR #791, CA CSR 6847

Page 42

**EXHBIT 3**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

DAVID BARRAGAN, et al.,          Case No. 3:06-CV-N-00310-LRH-VPC

      Plaintiffs,

vs.

ROBIN LANDRY, et al.,

      Defendants.                        **ORIGINAL**

---

DEPOSITION OF

SCOTT MESCHER

April 26, 2007

Reno, Nevada


SUNSHINE REPORTING SERVICES

(775) 323-3411 * (775) 883-7950

REPORTED BY:  DEBORAH MIDDLETON GRECO, CCR #113, RDR, CRR

```
 1      A    Yes.
 2      Q    Okay.  Do you know how many vans there were?
 3      A    No.
 4      Q    Did you observe the boys packing their luggage?
 5      A    Yes.
 6      Q    And what did you see?
 7      A    Them packing their luggage.
 8      Q    Where did this occur?
 9      A    At the cabins and the trailer.
10      Q    Okay.  How did you come to remove Adam from Hidden
11 Canyon Ranch?
12      A    Said, you are coming with us, and we took off.
13      Q    And then, and when was that?
14      A    Same night they took all the other kids.
15      Q    And that was on a weekend?
16      A    I don't recall the exact date.
17      Q    Do you know if it was a Saturday or a Sunday?
18      A    I don't recall which day it was.
19      Q    Do you know if it was in 2005?
20      A    Yes.
21      Q    Do you know if it was in April or May?
22      A    No.  It was that period of time.
23      Q    Okay.  Did anybody try to stop you from taking Adam
24 from the Hidden Canyon Ranch?
25      A    No.
```

```
 1   BY MS. NICHOLS:
 2        Q    Okay.  I --
 3             MR. OHLSON:  Could we have the last question read back
 4   so we can answer it?
 5             Record read by the reporter as follows:
 6             "QUESTION:  The question was, is there anything else
 7   that you think that the state did that was wrong?"
 8             THE WITNESS:  At this time, no, but I'll get back with
 9   you if there is.
10   BY MS. NICHOLS:
11        Q    Okay.  I represented to you that you will have a
12   chance to read your deposition.
13             So are you telling me that if you can think of
14   anything else the state did that was wrong, you will add it to
15   your deposition?
16        A    Yes.
17        Q    Okay.  Now the Division of Child and Family Services
18   didn't remove Adam from the Abundant Life Academy; is that
19   correct?
20        A    Correct.
21        Q    Okay.  Did Adam have any interaction with the people
22   from the Division of Child and Family Services?
23        A    Yes.
24        Q    Okay.  When was that?
25        A    I don't recall.
```

```
 1    STATE OF NEVADA        )
 2                           ) ss.
 3    COUNTY OF WASHOE       )
 4              I, DEBORAH MIDDLETON GRECO, a notary public in and for
 5    the County of Washoe, State of Nevada, do hereby certify:
 6              That on Thursday, April 26, 2007, at the hour of
 7    10:07 a.m. of said day, at 5420 Kietzke Lane, Suite 202, Reno,
 8    Nevada, personally appeared SCOTT MESCHER, who was duly sworn by
 9    me to testify the truth, the whole truth and nothing but the
10    truth, and thereupon was deposed in the matter entitled herein;
11              That I am not a relative, employee or independent
12    contractor of counsel to any of the parties, or a relative,
13    employee or independent contractor of the parties involved in
14    the proceedings, or a person financially interested in the
15    proceeding;
16              That said deposition was taken in verbatim stenotype
17    notes by me, a Certified Court Reporter, and thereafter
18    transcribed into typewriting as herein appears;
19              That the foregoing transcript, consisting of pages 1
20    through 82, is a full, true and correct transcription of my
21    stenotype notes of said deposition.
22              DATED:  At Reno, Nevada, this 4th day of May, 2007.
23
24                              _____
                                DEBORAH MIDDLETON GRECO
25                              CCR #113, RDR, CRR
```

Page 82