1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                    * * *

DAVID BARRAGAN, et al.,                )
9                                      )
                                       )
10           Plaintiffs,               )          03:06-CV-00310-LRH-VPC
                                       )
11   v.                                )
                                       )          ORDER
12   ROBIN LANDRY, Individually, and as an  )
     employee of the Division of Child Protective  )
13   Services of the State of Nevada and agency of  )
     the STATE OF NEVADA existing under the  )
14   laws of the STATE OF NEVADA, County of  )
     WHITE PINE; THE STATE OF NEVADA;  )
15   and DOES I-X, inclusive,          )
                                       )
16           Defendants.               )
     _____ )
17

18          Before the court is the plaintiffs' motion for reconsideration (#97[1]).  The defendants have

19   responded (#98).

20   **I.      Factual and Procedural History[2]**

21          Twenty-four minors and their parents or representatives brought this 42 U.S.C. § 1983

22   action against defendant Landry ("Landry") and the State of Nevada, alleging violations of the

23   Fourth and Fourteenth Amendments.  The alleged violations stemmed from an investigation of the

24   _____

25          [1]Refers to court's docket number

26          [2]Unless otherwise noted, the facts are taken from this court's previous order granting the defendants'
     motion for summary judgment ((#95) at 2-6).

1   Abundant Life Academy ("ALA"), a religious boarding school located in White Pine County,

2   Nevada.  Landry, a Rural Regional Manager employed by the Nevada Division of Child and Family

3   Services ("DCFS"), initiated an investigation of the ALA following a parent's complaint that (1)

4   children at the ALA were sexually active with one another and ALA staff members, (2) there was a

5   lack of supervision and medical care, (3) the children were being neglected educationally, and (4)

6   there were approximately fifteen to seventeen boys housed in a trailer at ALA.

7        Following the investigation, which verified the allegation of neglect resulting from a lack of

8   supervision, Landry determined that the children should be removed from the ALA.  On May 2,

9   2005, Landry and her investigative team, with the participation of White Pine law enforcement,

10  began removing the children.  By May 5, 2005, after a period in protective custody, all of the

11  children had been returned to their parents or placed by their parents in another facility.

12       The removal generated a seventy-two hour hearing during which a Nevada District Judge

13  determined there was no reasonable cause to believe immediate removal of the children was

14  necessary to protect the children from harm, abuse, or neglect.  In addition, ALA, Robin Crouch,

15  and Hidden Canyon Ranch, Inc. sued Landry and the DCFS in state court, alleging abuse of

16  process.  (Mot. For Recons. (#97) at 3.)  A jury returned a verdict on February 1, 2008, awarding

17  each plaintiff compensatory damages and ALA punitive damages.[3]  (*Id.*, Ex. A-F.)

18       This court entered judgment in the present action on March 27, 2008, in favor of the

19  defendants.  (#95.)  The court dismissed the plaintiffs' state law claims and also dismissed

20  defendants State of Nevada and DCFS from the suit.  (*Id.* at 7-9.)  Finally, the court found that

21  Landry's decision to remove the children from ALA was objectively reasonable as a matter of law.

22  (*Id.* at 14.)

23       On April 10, 2008, the plaintiffs filed the present motion for reconsideration.  (#97.)

24  _____

25  [3]Pursuant to Nevada Revised Statute section 41.035, the compensatory damages against the state
    defendants were capped at $50,000, and the $750,000 punitive damage award was vacated and set aside.

26                                          2

1

**II.     Discussion**

2   The plaintiffs have failed to timely file a motion for reconsideration under Federal Rule of

3   Civil Procedure 59(e).  Rule 59(e), which the plaintiffs cite as the grounds for their motion,

4   provides that a "motion to alter or amend a judgment must be filed no later than 10 days after the

5   entry of judgement."  Fed. R. Civ. P. 59(e).  However, the clerk entered judgment pursuant to Rule

6   58 on March 27, 2008.  As the plaintiffs filed their motion for reconsideration on April 10, 2008,

7   fourteen days following the entry of judgment, the plaintiffs' motion is untimely.  The court may

8   not extend the time to act under Rule 59(e).  Fed. R. Civ. P. 6(b)(2).  Therefore, the plaintiffs'

9   motion for reconsideration under Rule 59(e) is denied.

10   However, the court construes an untimely motion under Rule 59(e) as one seeking relief

11   under Rule 60(b).[4]  *Straw v. Bowen*, 866 F.2d 1167, 1171 (9th Cir. 1989).  Since the plaintiffs

12   identify the availability of new evidence as the grounds for their Rule 59(e) motion (Mot. for

13   Recons. (#97) at 7), the court treats the plaintiffs' motion as one under Rule 60(b)(2).  Rule

14   60(b)(2) provides that the court may relieve a party from a final judgment in the event of "newly

15   discovered evidence that, with reasonable diligence, could not have been discovered in time to

16   move for a new trial under Rule 59(b)."  Fed. R. Civ. P. 60(b)(2).  Since the same legal standard

17   applies to motions under 60(b)(2) as under Rule 59, the analysis under each is the same.  *Jones v.*

18   *Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990).

19   Under a motion pursuant to Rule 60(b)(2), a movant must "show the evidence (1) existed at

20   the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such

21   magnitude that production of it earlier would have been likely to change the disposition of the

22

23

24   [4]The court is aware that Rule 59(e) tolls the time to appeal until resolution of the motion for reconsideration. *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992).  Rule 60(b), however, does not affect the finality of the judgment, Fed. R. Civ. P. 60(c), and thus does not toll the time to appeal.

25

26

1   case.'" *Id.* (*quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th

2   Cir. 1987)).  If the evidence was in the possession of the movant before the judgment was entered,

3   it is not newly discovered and does not entitle the party to relief.  11 Charles Alan Wright & Arthur

4   R. Miller, *Federal Practice and Procedure* § 2859 (2d ed. 1995).

5        Here, the plaintiffs' evidence is not newly discovered.  The evidence the plaintiffs offer, a

6   jury verdict in favor of ALA, Robin Crouch, and Hidden Canyon Ranch, was in the plaintiffs'

7   possession on or about February 1, 2008.  This court entered judgment on March 27, 2008.

8   Therefore, the evidence was in the plaintiffs' possession before judgment was entered; it is not

9   newly discovered, and it does not entitle the plaintiffs to relief.  *See, e.g.*, *Kirby v. Gen. Elec. Co.*,

10  210 F.R.D. 180, 186 (W.D.N.C. 2000) (holding that affidavits dated before entry of judgment are

11  not newly discovered).

12       The plaintiffs' motion suffers from other fatal flaws, as well.  The plaintiffs offer the jury

13  verdict as evidence that this court's ruling on summary judgment–that no reasonable jury could find

14  in favor of the plaintiffs–was error.  However, as the defendants point out, the parties in the state

15  action and the parties in the present action are different.  (*See, e.g.*, Mot. for Recons. (#97), Ex. A.)

16  The state action concerned plaintiffs ALA, Robin Crouch, and Hidden Canyon Ranch; the present

17  plaintiffs are twenty-four minors and their parents or representatives.  In addition, the claim

18  adjudged in the state action sounded in state law tort (*id.*, Ex. F); the present action alleges

19  violations of the Fourth and Fourteenth Amendments.  These differences seriously call into

20  question the evidentiary value of a state court jury verdict even it if it had been timely presented to

21  this court.

22  ///

23  ///

24  ///

25  ///

26                                          4

1        IT IS THEREFORE ORDERED that the plaintiffs' motion for reconsideration (#97) is

2  hereby DENIED.

3        IT IS SO ORDERED.

4        DATED this 23rd day of July 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE