1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                       * * *

DAVID BARRAGAN, et al.,                    )
9                                          )
                                           )
10                Plaintiffs,              )            03:06-CV-00310-LRH-VPC
                                           )
11   v.                                    )
                                           )            ORDER
12   ROBIN LANDRY, Individually, and as an )
     employee of the Division of Child Protective )
13   Services of the State of Nevada and agency of )
     the STATE OF NEVADA existing under the )
14   laws of the STATE OF NEVADA, County of )
     WHITE PINE; THE STATE OF NEVADA; )
15   and DOES I-X, inclusive,             )
                                           )
16                Defendants.              )
                                           )
17   _____ )

18          Before the court is Plaintiffs' motion for relief (#100[1]).  On July 29, 2008, this court filed an

19   order denying Plaintiff's motion for reconsideration (#99).  In that order, the court construed

20   Plaintiffs' motion for reconsideration as pursuant to Federal Rule of Civil Procedure 60 instead of

21   pursuant to Rule 59(e) because the motion was filed more than ten days following the grant of

22   summary judgment against Plaintiffs.[2]  (July 29, 2008, Order (#99) at 3 n.4.)  Consequently, the

23   motion for reconsideration did not toll the time for appeal as it would have under Rule 59(e).

24   _____

25          [1]Refers to court's docket number

26          [2]A Rule 59(e) motion must be filed within ten days of the entry of judgment.  Fed. R. Civ. P. 59(e).

1  *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 397 (9th Cir.1992).

2      Plaintiffs now correctly argue that the period between entry of judgment and the filing of

3  the motion for reconsideration was not longer than ten days.  Under Rule 60(a), "[t]he court may

4  correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in

5  a judgment, order, or other part of the record."  Fed. R. Civ. P. 60(a).  Here, the court granted, and

6  the clerk entered, summary judgment against Plaintiffs on March 27, 2008 (#95).  On April 10,

7  2008, Plaintiffs filed their motion for reconsideration.  Rule 6(a) provides that courts should

8  exclude weekends and the day of the entry of judgment when calculating the period of time allowed

9  for a Rule 59(e) motion.  *See* Fed. R. Civ. P. 6(a).  Excluding these days, Plaintiffs filed their

10  motion for reconsideration on the tenth day allowed by Rule 59(e).  Therefore, the motion was

11  timely under Rule 59(e), and the time for appeal is consequently tolled.

12      Notably, since the analyses under both Rule 59(e) and Rule 60 are identical, *Jones v.*

13  *Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990), the court's correction does not affect the

14  substance of the order.

15      IT IS THEREFORE ORDERED that Plaintiffs' motion for relief (#100) is hereby

16  GRANTED.   The court's order (#99) is modified accordingly and Plaintiffs' time for appeal is

17  tolled until entry of this order.

18      IT IS SO ORDERED.

19      DATED this 7th day of August 2008.

20

21

22      _____

23      LARRY R. HICKS
       UNITED STATES DISTRICT JUDGE

24

25

26                              2